# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LYNETTE M. BIEDERMANN and DALE C. BIEDERMANN, <br><br> Plaintiffs, <br><br> and <br><br> NETWORK HEALTH PLAN and LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Involuntary Plaintiffs, <br><br> v. <br><br> WAL-MART STORES, INC., CODY MANS, BRUCE WENZEL, and CLAIMS MANAGEMENT, INC., administrator for Wal-Mart, <br><br> Defendants. | Case No. 17-CV-576-JPS <br><br> **ORDER** |

The plaintiffs filed this case in Outagamie County Circuit Court in March 2017 alleging that Lynette Biedermann sustained injuries when a ladder fell on her while she stocked shelves at a Wal-Mart Stores, Inc. ("Wal-Mart") store in Appleton, Wisconsin in 2014. (Docket #1-2 at 1-3). The defendants removed the action to this Court on April 21, 2017, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Docket #1). The plaintiffs are citizens of Wisconsin and the sole named defendant at the time of removal, Wal-Mart, is incorporated in Delaware and has its principal

place of business in Arkansas, meaning it is a citizen of both Delaware and Arkansas for the purposes of Section 1332. (Docket #1 at 2-3).

At the scheduling conference held on July 21, 2017, the Court inquired about the John and Jane Doe defendants, who were referred to in the complaint as employees or agents of Wal-Mart but who had not been otherwise identified or served. (Docket #9). The Court indicated that if the plaintiffs amended their complaint to identify the Doe defendants, and those defendants are citizens of Wisconsin, the Court's diversity jurisdiction would be destroyed and the case would be remanded back to Wisconsin state court. *Id.*

On July 24, 2017, the plaintiffs filed an amended complaint in which they identify the Doe defendants as Cody Mans of Appleton, Wisconsin and Bruce Wenzel of Menasha, Wisconsin. (Docket #10). Because diversity jurisdiction under Section 1332 requires that the parties are citizens of different states, the addition of two Wisconsin citizens as defendants to this action leaves the Court without diversity jurisdiction. 28 U.S.C. § 1332(a). The Court also lacks federal question jurisdiction, because the plaintiffs' claims are based in state statutory or common law, not federal law. (Docket #10 at 4-9). Without federal jurisdiction, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c).

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **REMANDED** to the Outagamie County Circuit Court. The Clerk of Court is directed to take all appropriate steps to effectuate the remand.

Dated at Milwaukee, Wisconsin, this 26th day of July, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge